UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

VANESSA DUXANE VALDIGLESIAS-LAVALLE,

                Petitioner,

    v.

CHARLOTTE HEADLEY,

                Respondent.

CASE NO. 2:24-CV-2114-DGE-DWC

SECOND ORDER TO AMEND PETITION

This federal habeas action has been referred to United States Magistrate Judge David. W. Christel. On January 30, 2025, the Court screened Petitioner Vanessa Duxane Valdiglesias-Lavalle's habeas petition filed pursuant to 28 U.S.C. § 2254. Dkt. 6, 7. The Court identified several deficiencies, declined to serve the petition, and directed Petitioner to file an amended petition curing her deficiencies. *See* Dkt. 7. Currently before the Court is Petitioner's amended petition. Dkt. 8. Having reviewed the amended petition, Court finds it deficient, declines to order service upon Respondent, and directs Petitioner to file a second amended petition curing the deficiencies identified herein on or before April 23, 2025.

SECOND ORDER TO AMEND PETITION - 1

## I.   SCREENING STANDARD

Under Rule 4 of the Rules Governing § 2254 cases ("Habeas Rules"), the Court is required to perform a preliminary review of a habeas petition. The Rule directs the Court to dismiss a habeas petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Dismissal under Rule 4 "is required on procedural grounds, such as failure to exhaust or untimeliness, or on substantive grounds where the claims are 'vague,' 'conclusory,' 'palpably' incredible,' or 'patently frivolous or false.'" *Neiss v. Bludworth*, 114 F.4th 1038 (9th Cir. 2024) (quoting *Blackledge v. Allison*, 431 U.S. 63, 75–76 (1977)).

A petition must also comply with the other Habeas Rules. Under Rule 2(a) of the Habeas Rules, "the petition must name as respondent the state officer who has custody." Further, the petition must:

> (1) specify all the grounds for relief available to the petitioner; (2) state the facts supporting each ground; (3) state the relief requested; (4) be printed, typewritten, or legibly handwritten; and (5) be signed under penalty of perjury by the petitioner or person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

*Id.* at Rule 2(c). The petition must "substantially follow" a form prescribed by the local district court or the form attached to the Habeas Rules. *Id.* at Rule 2(d).

## II.   DISCUSSION

Upon review, the Court finds the amended petition contains several deficiencies. To begin, Petitioner has failed to cure previously identified deficiencies. In particular, the grounds for relief asserted in the amended petition are "overbroad, vague, and conclusory" and "Petitioner does not provide a sufficient statement explaining the factual and legal basis of [each] ground." Dkt. 7 at 2. In addition, Petitioner has again attached "excessive documents" to her habeas petition and has included "excessive summaries of the procedural background for her

state-court conviction and sentence" and lengthy explanations of why Petitioner believes she is innocent. *Id.*; *see* Dkt. 8; Dkts. 8-1– 8-4. As a result, the amended petition does not satisfy the requirements of Rule 2.

The amended petition also contains a new deficiency as Petitioner presents legal challenges and requests for relief unavailable in § 2254 habeas corpus proceedings. An "action lying at the core of habeas corpus is one that goes directly to the constitutionality of the prisoner's physical confinement itself." *Preiser v. Rodriguez*, 411 U.S. 475, 503 (1973). Thus, "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser*, 411 U.S. at 500. In contrast, actions challenging other matters—like the conditions of confinement or tenuously related civil matters—and actions seeking financial compensation are not true habeas actions. *Id.* at 494 ("If a state prisoner is seeking damages, he is attacking something other than the fact or length of his confinement and he is seeking something other than immediate or more speedy release."). In those instances, a prisoner must instead file a separate action. *Heck v. Humphrey*, 512 U.S. 477, 482–83 (1994).

The amended petition includes numerous challenges and requests for relief not available in this action, including those related to United States citizenship and immigration proceedings, family law and child custody decisions, criminal prosecution of third parties, private investigations into Petitioner's prior criminal and civil legal actions, financial compensation and civil remedies for malicious prosecution, public corruption, and calls for general societal and criminal justice reforms. Dkt. 8 at 9, 13, 15, 17. None of these matters may be pursued in a § 2254 habeas action, and their inclusion in the amended petition make it unserviceable.

SECOND ORDER TO AMEND PETITION - 3

For the above stated reasons, the amended petition is deficient, and the Court will not order service upon Respondent at this time.

### III. CONCLUSION AND INSTRUCTIONS TO PETITIONER

Accordingly, if Petitioner wishes to proceed in this § 2254 habeas action, she must file a second amended petition curing the above deficiencies not later than April 23, 2025.

In any second amended petition, Petitioner must provide a short, clear, and direct statement identifying the specific constitutional basis for her grounds for habeas relief. For each ground raised, Petitioner must briefly state the basic facts supporting that ground. Each ground for relief must be limited to those available in § 2254 habeas corpus proceedings.

The second amended petition shall not exceed twenty (20) pages without first obtaining leave of court. Petitioner should not include an excessive summary of the procedural background for her state-court proceedings as this information detracts significantly from the clarity of her grounds for federal habeas relief. Also, Petitioner should not include lengthy narratives explaining her innocence, outlining the collateral consequences of her conviction, or lamenting on the need for broad societal and criminal justice reforms.

If Petitioner fails to file a second amended petition on or before April 23, 2025, correcting the deficiencies identified herein or otherwise fails to respond to this order, the undersigned will recommend this action be dismissed.

The Clerk's Office is directed to provide Petitioner with a blank form for filing a 28 U.S.C. § 2254 petition along with a copy of this order.

Dated this 24th day of March, 2025.

David W. Christel
United States Magistrate Judge