UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| VANESSA DUXANE VALDIGLESIAS-LAVALLE,<br><br>    Petitioner,<br><br> v.<br><br>CHARLOTTE HEADLEY,<br><br>    Respondent. | CASE NO. 2:24-CV-2114-DGE-DWC<br><br>REPORT AND RECOMMENDATION<br><br>Noting Date: April 29, 2025 |

This 28 U.S.C. § 2254 habeas action has been referred to United States Magistrate Judge David W. Christel. Currently before the Court is Petitioner Vanessa Duxane Valdiglesias-Lavalle's second amended habeas petition and second motion to appoint counsel. Dkts. 14, 15. Having screened the second amended petition under Rule 4 of the Rules Governing § 2254 cases ("Habeas Rules"), the Court finds Petitioner has again failed to comply with the Habeas Rules or state a cognizable habeas claim. As such, the undersigned recommends this action be dismissed without prejudice and Petitioner's second motion to appoint counsel (Dkt. 15) be denied as moot.

**I. DISCUSSION**

Under Rule 4 of the Habeas Rules, the Court is required to perform a preliminary review of a habeas petition. The Rule directs the Court to dismiss a habeas petition before the

REPORT AND RECOMMENDATION - 1

respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Dismissal under Rule 4 "is required on procedural grounds, such as failure to exhaust or untimeliness, or on substantive grounds where the claims are 'vague,' 'conclusory,' 'palpably' incredible,' or 'patently frivolous or false.'" *Neiss v. Bludworth*, 114 F.4th 1038 (9th Cir. 2024) (quoting *Blackledge v. Allison*, 431 U.S. 63, 75–76 (1977)).

A petition must also comply with the other Habeas Rules. Under Rule 2(a) of the Habeas Rules, "the petition must name as respondent the state officer who has custody." Further, the petition must:

> (1) specify all the grounds for relief available to the petitioner; (2) state the facts supporting each ground; (3) state the relief requested; (4) be printed, typewritten, or legibly handwritten; and (5) be signed under penalty of perjury by the petitioner or person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

*Id*. at Rule 2(c). The petition must "substantially follow" a form prescribed by the local district court or the form attached to the Habeas Rules. *Id.* at Rule 2(d).

Petitioner initiated this action on December 19, 2024, and cured her initial filing deficiencies on January 23, 2025. Dkts. 1, 3, 4. A week later, the Court screened and declined to serve her initial habeas petition, because Petitioner's sole ground for habeas relief was "overbroad, vague, and conclusory," and Petitioner included excessive documentation, background information, and narrative discussion, which detracted from the clarity of her petition. Dkt. 7 at 2; Dkt. 6. Petitioner was advised of the requirements for curing the defects in her initial habeas petition and ordered to file an amended petition. *Id.* at 2–3.

Petitioner filed an amended petition, which the Court screened and declined to serve on March 24, 2025. Dkts. 8, 12. As with the initial petition, the grounds for relief in the amended petition were "overbroad, vague, and conclusory," and Petitioner again included excessive

REPORT AND RECOMMENDATION - 2

documentation, information, and discussion, which made her grounds for relief unclear. Dkt. 12 at 2–3. In addition, Petitioner included numerous challenges and requests for relief not available in habeas corpus proceedings, such as "those related to United States citizenship and immigration proceedings, family law and child custody decisions, criminal prosecution of third parties, private investigations into Petitioner's prior criminal and civil legal actions, financial compensation and civil remedies for malicious prosecution, public corruption, and calls for general societal and criminal justice reforms." *Id.* at 3 (citing Dkt. 8 at 9, 13, 15, 17). Petitioner was advised of the requirements for correcting her amended petition and directed to file a second amended petition. *Id.* at 4. The Court also informed Petitioner that failure to correct the identified deficiencies would result in a recommendation this action be dismissed.

Upon review, the Court finds Petitioner's second amended petition is deficient in the same manner as her initial and amended petitions. First, Petitioner's grounds for habeas relief in this action are listed in a single block paragraph within the background section of her second amended petition:

> I want Justice, I want demand exhusband [name omitted], demand Superior Court and Supreme Court of WA process legal wrongful conviction, wrongful sentence, wrongful incarceration, when never commit any crime. I want Justice, I want Lawsuit, Malicious prosecution, for lost everything, I lost stuff, my apartment, car, finance, freedom, my childrens, deportation possible. I want justice, punishment exhusband [name omitted] false allegation put me innocent in jail.

Dkt. 14 at 4. These grounds are overboard, conclusory, and vague, and Petitioner does not provide a sufficient statement explaining the factual and legal basis of any ground. Second, Petitioner seeks relief not available in habeas corpus proceedings, including punishment of third parties. *Id.* at 4, 15; *see* Dkt. 12 at 3. Finally, Petitioner attaches excessive documentation to her second amended petition and does not make clear how the information therein relates to any ground for relief in this action. *See* Dkt. 14-1.

REPORT AND RECOMMENDATION - 3

Therefore, Petitioner's second amended petition is deficient and inappropriate for service upon Respondent under Rule 4 of the Habeas Rules. As Petitioner has been advised of the requirements for filing a serviceable habeas petition and failed to do so, the undersigned concludes this action should be dismissed without granting a third opportunity to amend.

## II. CONCLUSION

Accordingly, the undersigned recommends this action be dismissed without prejudice and Petitioner's second motion to appoint counsel (Dkt. 15) be denied as moot.

Objections to this Report and Recommendation, if any, should be filed with the Clerk not later than **fourteen (14) days** from the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar **fourteen (14) days** from the date they are filed. Responses to objections may be filed by **the day before the noting date**. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **April 29, 2025**.

Dated this 14th day of April, 2025.

David W. Christel
United States Magistrate Judge